Ms. Leiby, you may proceed. Good morning. May it please the Court. In Mr. Evans' sentencing, the District Court found him to be a career offender based on past convictions of bank robbery under 18 U.S.C. 2113a. But this determination was wrong because bank robbery is overbroad with respect to both the force clause and the enumerated clause of the crime of violence definition. The text of the statute clearly lists alternate means of committing bank robbery, not alternate elements. And this is clear primarily from a plain reading of the statute, but also from the context of the amendment that added extortion into the bank robbery statute. And also for clarification, I just want to be clear that when I'm talking about section 2113a, unless I specify that I'm talking about the entire 2113a, I will be just referring to the first paragraph of 2113a. So as Mathis instructs, we start with the textual analysis of the statute. And looking first at the different means that the statute puts forward of force and violence, intimidation, and extortion, we see that these are listed in the same sentence in the same paragraph. And I think the Fifth Circuit's case, United States v. Butler, gives us some good information about how we're supposed to understand this distinction between paragraphs. And the Butler case wasn't directly on point to this. It was talking about whether or not the first paragraph and the second paragraph of 2113a are divisible. But it does discuss what do the paragraph breaks mean and how should we interpret that. And I think that helps us understand why when the commission and the Congress was separating out the first paragraph and the second paragraph. And when they're then including this list within the same paragraph, we shouldn't be interpreting that different. And so paragraphs breaks are there to signal the new idea. They're there to signal a new crime. And so the fact that we have this paragraph break between the first and the between bank robbery and bank burglary, it ends with that semicolon and the word or. Each paragraph begins with the word whoever. I think that tells us a lot about how Congress was structuring one crime in a second crime. And we see that same pattern repeated in 2113b as well. Well, I wanted to ask you. So there's this debate in the case law, the other circuits, about the relevance of the common law. And I think the place it's probably discussed the most is in Judge Bibas's opinion from the Third Circuit, where he talks about the fact that extortion and then intimidation are forced varieties. We're actually separate offenses for bank robbery at common law. He says there's nothing. I think what he's trying to say is that's the presumptive way we would look at these crimes. And unless there's something that tells us to the contrary, that must come in into the statute as well. And so what's your response on that point in response to the Third Circuit? So I think the Third Circuit is right that generally when we look at these statutes and we see the word extortion or the word robbery, we're going to assume that Congress meant the common law definition of these words. I would start with the House report that was written when 2113a was amended to add extortion in. And obviously, that's not dispositive because that's not part of the statute. But they do define extortion. And they explain this is how we want extortion to be defined. So I think that clarifies that probably the intent was not for the common law definition of extortion and robbery to be used there. But also, I think the discussion of intimidation and force and violence and extortion kind of being separate things is maybe a little murkier than the Third Circuit makes it out to be. And I think we can see this if we go to the Burwell decision. There's also a good discussion about common law robbery and common law extortion and how those were defined. And Burwell points to a number of treatises, I think starting with Blackstone, about how common law robbery has included extortion as a means of committing common law robbery. And so I think the Third Circuit, the First Circuit, and the Eleventh Circuit all kind of go into this discussion about why these should be considered separate because of the common law. But I think that they're doing maybe a narrower analysis of the common law than should be done. Because there's a little bit more nuance there than you kind of see in those opinions. Does it matter that there are different verbs by force and violence or by intimidation takes or attempts to take? And then it's kind of a wonky setup. But then it's obtains or attempts to obtain by extortion. Do those verbs, are they doing any work to distinguish those two? So our position is that no, those verbs aren't, you know, separating extortion out as separate from takes or by force and violence or intimidation. And, you know, we point out like the definition of these two words is pretty similar. There's not really a lot of difference between takes and obtains. But, of course, they're not exactly the same. And you can kind of interpret it numerous different ways. The way I kind of see it is that obtains kind of reflects the fact that you're not, you don't have to directly take in order to do it by extortion. But I think the best information of how to understand this is to understand that before extortion was added to this paragraph of 2113A, bank robbery by extortion was already prosecutable under section 2113A. And that's what the amendment was trying to clarify because there was a circuit split on that issue. Some circuits said yes, it was. Some circuits said it wasn't. And Congress was adding this in just to make it clear, yes, this is prosecutable under 2113A. And we would prefer that it be prosecuted here instead of under the Hobbs Act. Was there any history on why that was? The preference for the bank robbery? Because it does then classify it as a bank robbery as opposed to something else under the Hobbs Act. You know, I would just have to speculate on that. I don't know for sure. Can I ask you, like I find this whole discussion intensely interesting. But at the end, the district court said 188 months is simply the minimum sentence I can find to be sufficient regardless of the career offender enhancement because of his history of bank robberies. Right. That seems like harmless error to me. And so do we ever even have to get to that? I mean, I'd love to be able to. But if the record doesn't support us needing to do that, then the record doesn't support it. Right. So the court did give this alternative sentence. But the sentence still has to be consistent with the law. Our position is that that sentence is substantively unreasonable if his correct guideline range is the, I believe it's 57 to 71 months. I mean, at the outset, what you're looking at is a 10 to 11 year increase to his sentence. I mean, it's, you know, more than twice the range of what it would be if it was sentenced within the correct guideline range. And, you know, I understand that the court is certainly concerned about his history. I'm not going to stand here and say that it's not concerning. But that said, I think you're looking at essentially three different instances of bank robbery in his life. I know it's listed, if you look at it, it's listed as, you know, I think eight or nine different counts of bank robbery. But what you're looking at is like a five day spree when he was like 16 years old. That's over a quarter century ago. And then you're looking at like a one week kind of, I think he committed one robbery and then he attempted to do another one about a week later. That's just kind of another like little instance in his life. And then you come back and he commits, I think, three robberies over, again, the course of only like four days. I think it's May 23rd, May 27th, and May 28th. But the problem I'm having is I understand him to be saying, this is not one of those cases where he just says, oh, I've got all these different calculations. And if any of them are wrong, you know, then I'm still going to come out the same way. This is the district judge saying, I understand that the career offender enhancement is on shaky ground. I know that. And because there's no eight circuit precedent directly on point, there's a circuit split or whatever. And then the district court says, I understand that, but I'd still go to 188 months, no matter which way it comes out. And that seems to me to be a very specific, I don't know what we had accomplished by remanding it in light of that statement. Well, I think that here, remand would be appropriate if the court finds that the enhancement was inappropriate and also that the sentence, the alternative sentence is substantively unreasonable. And so, and this is a situation where if you look at the Martinez case, the court says like, if you're looking at these factors that are already accounted for by the guidelines, like criminal history, which is pretty much the entire basis here, then it's unreasonable to give such a severe upward variance. And I see that I'm running low on time. I had hoped to reserve some time for rebuttal, but I will just conclude by saying that because the district court erred when it determined that Evans is a career offender, and because the alternative sentence is substantively unreasonable, we'd ask that this court reverse and remand for resentencing. Thank you. All right. Thank you, counsel. Mr. Fairchild. May it please the court. Good morning, counsel. My name is Ford Fairchild. I represent the United while on probation for committing a bank robbery, having committed nine bank robberies, and also having a history of interactions in the Bureau of Prisons that suggested an upward variance was appropriate. The judge articulated that for those very reasons. This is one of those cases where even if the defendant's not a career offender, he's a career offender. Learned counsel illustrated that. She said quarter century ago, he committed a raft of bank robberies. Yeah. Who else does that describe? People who have been lifelong career offenders. He committed a raft of bank robberies, then he did it again very recently. But let's kind of climb back up to altitude. Here, either the force clause or the enumerated clause supports the application of career offender. In either case, you have to determine divisibility. The government's reading of the statute is better. Don't take my word for it. Five of the six circuits still look at it. I got to say, though, I find the D.C. Circuit opinion very compelling. I mean, Judge Bibas is a good judge, and the other judges are good as well, but they're very brief, and they don't really dig in too much. But the D.C. Circuit really dug in and did a textual analysis, a common law analysis, looked at everything. And there's a, I don't know, is there something in there that you think is wrong in terms of the history or the structure or text of the statute that it relies on? Judge Strauss, I'm not going to be able to talk you out of your conclusion of the comparative brilliance of those judges. You've read the opinions. The government thinks, perhaps obviously, that its reading is correct for the reasons I've articulated. The other circuits who have joined us, they give short explanations, but they do give explanations. I would come back just to two things. First of all, if you're feeling that way, I'm going to push you back to the clean air standard that you've articulated, the harmless air standard. Same result regardless. But one thing that you were visiting with about the common law discussion. The common law discussion, Third Circuit, the idea that robbery and extortion are separate, you also see indications of that in our jury instructions. If you take a look at the jury instruction for bank robbery, it's about robbery, not extortion. That is not binding, of course, but it's interesting. When people think of robbery, they think of one thing, and when they think of extortion, they think of something else. But there are at least a couple of circuits that have the little brackets that allow, on a given case, to replace the force and violence language with the extortion language. Other circuits' jury instructions? There's a couple of them. I'm sure you're right. The Eighth Circuit is different, and I think it- Is silent. The Eighth Circuit doesn't have a separate instruction that says, here's the one for what you're calling bank robbery by force, violence, or intimidation, and then here's our second one for extortion. I think the Eighth model jury instructions just don't really tell us either way, do they? What I think they suggest is that there is this kind of typical understanding of robbery and extortion as being distinct. And I don't want to rely heavily on that, but I think it is the fact that there is that instruction, I think does suggest that. But there's no instruction, if they're two separate crimes, we are missing the instruction for extortion under 2113A. Right. And not every crime has an instruction within the Eighth Circuit model. As a trial attorney, I frequently come across cases that just haven't been articulated. But why would Congress, they had a choice. The structure was already here for 2113, right, when they added the extortion language. And then the structure is whoever, next paragraph, whoever, boy, if they thought that that was a separate crime, you could do a third, whoever. And then we probably wouldn't be debating this so strongly. Instead, they put it in with force and violence or intimidation. But each with its own set of verbs, like you pointed out with co-counsel. The way that statute reads, obviously it's open to interpretation. The government's reading is that when you read it, particularly with just a common understanding of robbery and extortion, it does appear to create the two crimes. Your sister circuits that have considered the issue break in favor of the government, but it's obviously a controversial position. The government has the better reading, it says, for the reasons I've articulated. I think the other circuits support my assertion. I would love to see this panel take the opportunity to become the sixth. If you choose not to, this is a harmless error. Defendant is, of course, a career offender, even if he's not a career offender. Unless there are questions, I will take my leave. Thank you, Counselor. Does Ms. Leiby have any time remaining? All right. Take a minute, Ms. Leiby, if you'd like to respond. You don't have to, but you're welcome to. I'd just like to, again, go back to the government's position about harmless error and just reiterate that Mr. Evans, the facts of his situation are important to consider when determining whether or not this was a substantively unreasonable sentence. I do want to point out that one, he committed his more recent bank robberies with no evidence that he used any violence and no evidence that he brought a gun. I know that in his 2008 or 2009 robberies, he stated that he had a gun or he referenced a gun. There's no evidence that when he was arrested for that attempted robbery that he had a gun on him. So it doesn't seem like he is committing these robberies with any kind of particularly violent zeal and he just isn't the type of person who, this isn't the type of history that would recommend a 10-year upward variance. Thank you. Thank you, Counsel. We appreciate your argument. It's been helpful in our consideration of the case. The case is submitted and we will render a decision as soon as possible. Does that conclude?